United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ALVARO ARANDA MOLINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7120 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Jose Alavaro Aranda Molina ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2021.[1] On July 21, 2026, Petitioner was encountered at the McLennan County Jail in Waco, Texas, and was taken into immigration custody.[2] On August 12, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] Petitioner is currently in removal proceedings and remains in immigration custody.[4]

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 7 ¶¶ 25–26; Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 3.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, p. 2.

[4]Respondents' MSJ, Docket Entry No. 5, p. 3.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act, due process, the Administrative Procedure Act ("APA"), and Bautista v. Santacruz.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[6] Petitioner has filed a response.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in

[5]Habeas Petition, Docket Entry No. 1, pp. 12–25 ¶¶ 55–95. The Central District of California issued three orders in its decision to vacate the Department of Homeland Security's interpretation and application of § 1225(b)(2) on a class-wide basis. Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment in favor of the Petitioners); Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) (class certification); Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (vacating the DHS's policy under the APA). As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated With 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Id. at *1, *10. The Fifth Circuit's analysis and holding apply in this case. The court therefore declines to enforce the Central District of California's holding in Bautista, as it does not control in light of Buenrostro-Mendez. Moreover, as explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claim under the APA is foreclosed.

[6]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

[7]Petitioner's Response in Opposition to Respondent's Motion to Stay and Alternative Motion to Dismiss and or for Summary Judgment, Docket Entry No. 6.

Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief(Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 25th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE